[Civ. No. 1345. First Appellate District.—February 26, 1914.]

## V. B. SCANLON, Respondent, v. JAMES JACOBS, Appellant.

JUDGMENT—POWER TO AMEND—CONSENT OF PARTIES.—A trial court may, with the consent of the parties, amend its findings and judgment before a motion for a new trial has been made or an appeal taken, and while it still has jurisdiction of the case.

ID.—APPEAL—AMENDED FINDINGS AND JUDGMENT.—The amended findings and judgment thus supplant the original findings and judgment in the case and are the only proper subjects of appeal.

ID.—ACTION FOR MERCHANDISE SOLD—ISSUES—SUFFICIENCY OF FIND-INGS.—In an action to recover a balance alleged to be due upon the purchase price of hogs, wherein the answer alleges that the plaintiff expressly agreed that the animals were in a sound and healthy condition and made false representations as to such condition, a finding that all of the allegations of the complaint are true and that there was no express warranty as to such condition, fairly and fully responds to the issues presented by the allegations of the answer.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order refusing a new trial. Geo. H. Buck, Judge.

The facts are stated in the opinion of the court.

J. G. Reisner, for Appellant.

Harry E. Styles, for Respondent.

RICHARDS, J.—This action was brought to recover a balance alleged to be due upon the purchase price of a number of hogs. The plaintiff recovered judgment on December 14, 1912, for the sum of $363.43 and costs. On January 31, 1913, the court, "upon *ex parte* motion of counsel for plaintiff, but with the consent of the defendant" (so reads the statement in the case), filed amended findings, and caused an amended judgment to be entered, reducing the amount of the plaintiff's recovery twenty dollars. This reduction in the amount of the judgment seems to have been caused by the discovery that a miscalculation had been made in the amount of interest due, to that extent. Later the defendant moved for a new trial, which being denied, he appealed from the judgment of December 14, 1912; and also from the amended judgment of January 31, 1913, and from the order denying the motion for a new trial.

The appellant's first contention is that the court had no power to amend its judgment of December 14, 1912, or to make the amended findings and enter the amended judgment of January 31, 1913. It is a complete answer to this contention that the record shows, and the defendant admits, that he consented to the making and entry of the amended findings and judgment reducing the amount of his liability, and that the same was accomplished before the motion for a new trial was noticed or an appeal taken. How this consent was manifested does not appear; but in support of the action of the court reducing the judgment against the defendant by his consent and for his benefit, it must be assumed, in the absence of a showing to the contrary, that his consent thereto was given in whatever formal and persuasive way was requisite to induce the court's action. No case has been called to our attention holding that the parties to an action may not alter the findings and judgment by consent before a motion for a new trial has been made or an appeal taken, and while the court still has jurisdiction of the case. We think the appellant's contention in this respect is without merit.

The amended findings and judgment having thus supplanted the original findings and judgment in the case, are the only proper subjects of appeal.

The only other point urged by appellant is that the court failed to find upon certain material issues in the case. The

complaint was in the form of a common count for merchandise sold and delivered. The answer set forth the transaction, and alleged that the plaintiff sold his hogs to the defendant under an express agreement and understanding that said hogs were in a good, sound, and healthy physical condition and free from disease, and that the plaintiff, to induce their said purchase, falsely and fraudulently represented and stated to said defendant that said hogs were in such good, sound, and healthy physical condition and free from disease, and that said defendant was induced to purchase them relying upon said representation, which proved to be false.

The court found that all of the allegations of the complaint were true; and further found "that there was no express warranty given or made on the part of said plaintiff to said defendant at the time of sale or delivery with regard to the condition of said hogs, as alleged in said answer herein, or in said cross-complaint; nor was there any agreement or understanding at any time in regard to said matter; nor were said hogs sold upon any agreement as to their condition or freedom from disease." We think this finding fairly and fully responds to the issues presented by defendant's answer and cross-complaint, and negatives his averment therein as to the agreement and conditions under which he purchased the hogs. The appellant does not contend that this finding is not fully sustained by the evidence in the case.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.